## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  EDCV 21-1544 CJC (PVC)                             Date:  January 19, 2022

Title       Devin Lee Rintye v. Warden of California Health Care Facility

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY**

On September 6, 2021, Devin Lee Rintye ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1).  Petitioner raises three claims arising from his 2007 guilty plea to voluntary manslaughter with the use of a firearm:  (1) trial counsel was ineffective, (*id.* at 5); (2) the trial judge did not state on the record the basis for sentence enhancement, which exceeded the statutory maximum, (*id.* at 7); and (3) Petitioner did not have an opportunity to argue mitigating factors to the trial court, such as his youth, because he was tried as an adult and there was no precedent protecting juvenile defendants charged as adults.  (*Id.* at 9; *see also id.* at 26 (citing *Miller v.*

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, the Court adopts the date in the signature block, September 6, 2021, as the Petition's constructive filing date.  (Petition at 15).  For ease of reference, when citing to the Petition, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                    Date:  January 19, 2022

Title          Devin Lee Rintye v. Warden of California Health Care Facility

*Alabama*, 567 U.S. 460 (2012)).  For the reasons set forth below, the Petition appears to be untimely.

    **A.**    **Background Facts**

Petitioner was sixteen years and five months old when killed Mary Kathleen Oliverio.  (Petition at 17).  On December 14, 2007, Petitioner pled guilty in the San Bernardino County Superior Court, Case No. FSB051032, to voluntary manslaughter involving the use of a firearm.  (*Id*. at 1).  As part of the plea, Petitioner waived credits, including good time credits, totaling 365 days.  (*Id*. at 1, 17).  He was sentenced to a 16-year determinate term in state prison on the same day.  (*Id*.).  Pursuant to the terms of the plea, Petitioner did not appeal his conviction.  (*See id.* at 18-19).[2]

Thirteen years later, on December 7, 2020, Petitioner filed a habeas petition in the California Court of Appeal.  (*See* California Appellate Court Case Information website ("Case Information Website"), Cal. Ct. App. 4th Dist. Div. 2, Case No. E076225, at http://appellatecases.courtinfo.ca.gov).[3]  The Court of Appeal denied the petition on

---

[2] This action challenges only Petitioner's 2007 voluntary manslaughter plea.  However, on August 23, 2013, while Petitioner was serving his sentence at Kern Valley State Prison, Petitioner and another inmate, Matthew Maga, attacked a fellow inmate, Randy Hall, in the recreational yard.  *See People v. Rintye*, 2017 WL 823571, at *1 (Cal. Ct. App. Mar. 2, 2017).  On December 19, 2014, Petitioner pled no contest to assault of a fellow inmate by means of force likely to produce great bodily injury and admitted that his 2007 manslaughter conviction constituted a prior strike.  On March 5, 2015, the trial court sentenced Petitioner to a six-year determinate term.  (*Id*.).  Petitioner subsequently filed a motion to withdraw his plea, which the trial court denied for failure to establish good cause.  (*Id*.).  Petitioner's appeal to the California Court of Appeal was denied on March 2, 2017.  (*Id.* at *3-4).  Petitioner's 2014 assault conviction is not at issue here.

[3] The Court takes judicial notice of state court proceedings relevant to the disposition of this case.  *See United States v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                    Date:  January 19, 2022

Title        Devin Lee Rintye v. Warden of California Health Care Facility

January 13, 2021.  (*Id*.).  On January 25, 2021, Petitioner filed a petition for review in the California Supreme Court, which was denied on March 10, 2021.  (Case Information Website, Case No. S266824).

      Petitioner immediately began a new round of state habeas petitions.  On April 6, 2021, Petitioner filed a habeas petition in the San Bernardino County Superior Court, which denied the petition in a reasoned decision on April 20, 2021.  (Petition at 17-21).  The trial court cited several grounds for the denial, including (1) the substantial delay in Petitioner's presentation of his claims, (*id*. 18); (2) the waiver of Petitioner's right to appeal as part of his plea deal, for which he received the benefit of his bargain, (*id*. at 18-19); (3) Petitioner's failure to obtain a certificate of probable cause, (*id*. at 20); and (4) the fact that, as of the time Petitioner filed his petition, his "custody status is no longer related to his manslaughter conviction" because the sentence from that case "should have been completed no later than the early part of 2020."  (*Id.* at 21).

      Petitioner filed his second habeas petition in the California Court of Appeal on May 27, 2021, which was summarily denied on July 8, 2021.  (*See* Case Information Website, Cal. Ct. App. 4th Dist. Div. 2, Case No. E077130).  Petitioner then filed his second petition for review in the California Supreme Court, which was similarly summarily denied on August 25, 2021.  (Case Information Website, Case No. S269941).  Petitioner filed the instant Petition in this Court on September 6, 2021.  The next day, on September 7, 2021, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on November 8, 2021.  (*See* Case Information Website, Cal. Ct. App. 4th Dist. Div. 2, Case No. E077130).

      **B.**     **Timeliness**

      The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Patterson v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                              Date:  January 19, 2022

Title      Devin Lee Rintye v. Warden of California Health Care Facility

---

*Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

        **1.**      **Accrual Of The Statute Of Limitations**

Under 28 U.S.C. § 2244(d)(1), state prisoners have only one year in which to file their federal habeas petitions.  The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, the applicable limitations period appears to be that set forth in 28 U.S.C. § 2244(d)(1)(A).  Subsection B does not appear to apply because Petitioner does not credibly identify a state impediment that prevented him from filing his federal Petition earlier.  Although Petitioner cites to the Supreme Court's decision in *Miller* as authority for the proposition that youthful offenders as a class are constitutionally entitled to special protections, it further appears that Subsection C does not apply because *Miller* is inapposite.  (*See* Petition at 28).  In *Miller*, the Supreme Court held that mandatory life

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                             Date:  January 19, 2022

Title        Devin Lee Rintye v. Warden of California Health Care Facility

sentences without possibility of parole for offenders who were under 18 years of age at the time of their crimes violates the Eighth Amendment.  *Miller*, 567 U.S. at 479.  Petitioner was sentenced to a determinate 16-year term, not life, much less life without the possibility of parole.  *Miller* does not appear to have announced a new constitutional right applicable to Petitioner's plea and sentence.  Finally, Subsection D does not appear to apply because Petitioner was presumably aware of the facts underlying claims when he entered his plea.

     Under Subsection A, a petitioner has one year from the date that his conviction becomes final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  There is no record showing that Petitioner directly appealed his conviction or sentence following his December 14, 2007 guilty plea for voluntary manslaughter.  Because Petitioner's time to seek review with the Court of Appeal expired 60 days after judgment was entered, *i.e.*, February 12, 2008, his conviction became "final" on that date.  *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Cal. Rules of Court, rule 8.308(a) (generally, a notice of appeal "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"); *Roberts,* 627 F.3d at 771 (petitioner's conviction became final 60 days after guilty plea where he did not timely appeal to the California Court of Appeal).

     Accordingly, the limitations period under § 2244(d)(1)(A) began to run the day after Petitioner's conviction became final on February 12, 2008 and expired one year later, on **February 12, 2009**.  The instant Petition was not filed until September 6, 2021.  Therefore, absent tolling, it appears to be untimely by more than twelve and a half years.  If Petitioner maintains that the running of the statute of limitations should be delayed under either 28 U.S.C. § 2244(d)(1)(B), (C), or (D), he should explain why any of these later triggering dates apply in his response to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 21-1544 CJC (PVC)  Date:  January 19, 2022

Title  Devin Lee Rintye v. Warden of California Health Care Facility

    **2.**    **Statutory Tolling**

    AEDPA includes a statutory tolling provision that suspends the limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *see also* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  An application is "pending" until it has achieved final resolution through the state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  However, the time before a petitioner initiates the state collateral review process is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  Additionally, state habeas petitions filed after the AEDPA limitations period has already expired do not reinitiate the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").  Finally, the filing of a federal habeas petition does not toll the statute of limitations.  *Dixon v. Baker*, 847 F.3d 714, 719 (9th Cir. 2017); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("[A]n application for federal habeas corpus relief does not toll the limitations period pursuant to § 2244(d)(2).") (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)).

    Here, the record does not establish that Petitioner filed *any* state habeas petitions before the AEDPA statute of limitations expired on February 12, 2009.  In fact, it appears that Petitioner did not even begin to challenge his 2007 voluntary manslaughter plea and sentence in state court habeas proceedings until 2020, more than eleven years and nine months *after* the federal statute of limitations had already expired.  (*See* Case Information Website, Cal. Ct. App. 4th Dist. Div. 2, Case No. E076225).  Because it appears that Petitioner did not seek state court habeas relief until many years after the AEDPA limitations period had run, Petitioner's state habeas petitions filed in 2020 and 2021 cannot serve as a basis for statutory tolling under § 2244(d)(2).  *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("[B]ecause [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance[.]"); *Jiminez*, 276 F.3d at 482 (state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                    Date:  January 19, 2022

Title          Devin Lee Rintye v. Warden of California Health Care Facility

habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

    In sum, it does not appear that statutory tolling applies in this case because there is no relevant state court habeas petition or proceeding that would toll the running of the statute of limitations.  Petitioner "bears the burden of proving that the statute of limitations was tolled."  *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).  If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  To claim an entitlement to statutory tolling, Petitioner must identify any habeas petitions that he filed in state court after his conviction became final, but before the one-year AEDPA statute of limitations lapsed.  To the extent possible, Petitioner must indicate in his response the dates on which he filed state court habeas petitions and the dates on which they were denied, and attach copies of the state court petitions and the related state court decisions.

    **3.**    **Equitable Tolling**

    In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both that:  (1) he has diligently pursued his rights; and (2) some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence[.]'"  *Id*. at 653 (internal citations omitted).  The petitioner must further show that the extraordinary circumstances entitling him to equitable tolling "'were the cause of his untimeliness'" and "'made it impossible to file a petition on time.'"  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).

    The Petition does not expressly request equitable tolling of the statute of limitations or indicate on its a face any grounds for Petitioner's entitlement to it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                    Date:  January 19, 2022

Title   Devin Lee Rintye v. Warden of California Health Care Facility

Petitioner is advised that he bears the burden of demonstrating that he is entitled to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show grounds for equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling, 'lest the exceptions swallow the rule'") (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).  Should Petitioner contend that he is entitled to equitable tolling, in his response he must show that he was diligent and that extraordinary circumstances prevented him from timely filing his federal Petition.  He must also identify the specific period of time during which the statute of limitations should be equitably tolled.

   4.  **Actual Innocence**

  Finally, Petitioner argues that his claims, "presented in totality[,] show a fundamental miscarriage of justice in the form of Actual Innocence, because the only way to elevate a sentence in California from the 'mid' term (statutory maximum) to the upper term (beyond the statutory maximum) is the presence and showing of aggravating factors." (Petition at 14).  Despite Petitioner's assertion of sentencing error, it does not appear that the Petition qualifies for the "actual innocence" gateway exception to the statute of limitations.

  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  However, "tenable actual-innocence gateway pleas are rare."  *Id*.  In adjudicating a claim of gateway actual innocence, the Court must apply the standards set forth in *Schlup v. Delo*, 513 U.S. 298 (1995) ("*Schlup*").  Under that standard, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                    Date:  January 19, 2022

Title           Devin Lee Rintye v. Warden of California Health Care Facility

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *accord McCleskey v. Zant*, 499 U.S. 467, 502 (1991); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). To make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) ("[H]abeas petitioners may pass *Schlup*'s test by offering 'newly presented' evidence of actual innocence."). "The evidence of innocence 'must be so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Lee v. Lampert*, 653 F.3d 929, 937-38 (9th Cir. 2011) (quoting *Schlup*, 513 U.S. at 316).

While this exacting standard "permits review only in the 'extraordinary' case," it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "'[W]here post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims.'" *Lee*, 653 F.3d at 938 (quoting *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002)). In making a determination of actual innocence, the court must consider "'all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not," and make a "probabilistic determination about what reasonable, properly instructed jurors would do." *Lee*, 653 F.3d at 938 (quoting *House*, 547 U.S. at 538).

The Petition does not clearly assert facts showing that Petitioner is actually innocent of his crimes of conviction. Petitioner's claims of ineffective assistance of counsel, an excessive sentencing enhancement, and the purported lack of opportunity to present mitigating factors to the trial court at sentencing merely assert claims of legal insufficiency, not factual innocence. Petitioner has submitted no evidence, much less new evidence, to demonstrate his alleged factual innocence of the matters to which he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                                           Date: January 19, 2022

Title        Devin Lee Rintye v. Warden of California Health Care Facility

pled guilty. In fact, Petitioner affirmatively states in the Petition that he knowingly signed a plea declaration agreeing that he was guilty of voluntary manslaughter and used a firearm in the commission of the crime. (Petition at 7; *see also id.* at 25 ("The facts of this case are that I pleaded guilty per a plea agreement for the charge I was factually guilty of.")). Furthermore, a defendant's statements made during a plea colloquy "carry a strong presumption of truth." *Moth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012). Therefore, Petitioner's guilty plea would seemingly tend to refute any claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. App'x 389, 390 (9th Cir. 2013) (petitioner's guilty plea, while not absolutely precluding a claim of actual innocence, "seriously undermine[d]" his claim that someone else committed the crime); *accord Johnson v. Medina*, 547 Fed. App'x 880, 885 (9th Cir. 2013); *see also Stonebarger v. Williams*, 458 Fed. App'x 627, 629 (9th Cir. 2011) (denying certificate of appealability on claim of actual innocence where no reasonable juror would deem petitioner actually innocent in light of his confession, his no contest plea, and the lack of facts inconsistent with guilt).

Should Petitioner maintain that he is entitled to pass through the *Schlup* "actual innocence" gateway to avoid application of the AEDPA statute of limitations, he must identify in his response new evidence that was either excluded or not presented during his state court proceedings establishing that in light of the new evidence, no reasonable juror would have convicted him of voluntary manslaughter with use of a firearm.

**ORDER**

In sum, for the reasons stated above, the statute of limitations in 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason why a delayed accrual date for the running of the statute of limitations besides 28 U.S.C. § 2244(d)(1)(A) should apply to his case; why he may be entitled to statutory and/or equitable tolling; and/or why he qualifies for the "fundamental miscarriage of justice" actual innocence exception to the AEDPA statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1544 CJC (PVC)                               Date: January 19, 2022

Title   Devin Lee Rintye v. Warden of California Health Care Facility

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.** *See* Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

                                                                                         00:00
                                                     Initials of Preparer    mr