UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN LEE RINTYE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TRENT ALLEN, Acting Warden,[1]<br><br>　　　　Respondent. | Case No. EDCV 21-1544 CJC (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Pet.," Dkt. No. 1), all of the records and files herein, the Magistrate Judge's Report and Recommendation (Dkt. No. 11), and Petitioner's objections ("Obj.," Dkt. No. 12).  After having made a *de novo* determination of the portions of the Report and Recommendation to which the objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

　　In his objections, Petitioner argues that his Petition is timely because of "new evidence" that he didn't discover until early 2021 when the San Bernardino Public

---

[1] Trent Allen, Acting Warden at Salinas Valley State Prison, where Petitioner is currently incarcerated, is substituted for the Respondent identified as "Warden of California Health Care Facility" in the Petition.  *See* Fed. R. Civ. P. 25(d).

Defenders Office prepared a "*Franklin* Social History Report and Mitigation Packet," identifying mitigation factors related to Petitioner's youth when he was convicted and sentenced.[2] (Obj. at 2, 4–6). He contends that "the law prevented petition from being able [to] file under the grounds of the newly recognized (by California law) *Franklin* mitigation." (*Id.* at 4–5).

Petitioner was 16 years old when he killed his therapist (who was allegedly sexually abusing him). (Pet. at 17; Obj. at 2). In December 2007, he pled guilty to voluntary manslaughter and was sentenced to a 16-year determinate term. (Pet. at 17). Five years later, in *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court determined that the federal Constitution prohibits a mandatory life without parole (LWOP) sentence for a juvenile offender who commits homicide. Thereafter, the California Supreme Court ruled that the *Miller* ruling applied to sentences that were the functional equivalent of LWOP. *People v. Caballero*, 55 Cal. 4th 262, 265, 268 (2012) (finding that *Miller* applies to a sentence of 110 years to life). Further, "[d]efendants who were sentenced for crimes they committed as juveniles who seek to modify life without parole or equivalent de facto sentences already imposed may file petitions for writs of habeas corpus in the trial court in order to allow the court to weigh the mitigating evidence in determining the extent of incarceration required before parole hearings." *Id.* at 295–96.

In 2014, the California legislature passed statutes to bring juvenile sentencing in conformance with *Miller* and *Caballero* and to expand their application to determinate sentences. As relevant here, California Penal Code ("P.C.") § 3051(b)(1) states that "A person who was convicted … when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a

---

[2] Although the objections do not set forth the date that Petitioner became aware of the *Franklin* report, his Petition states that "on 3-9-2021, I [Petitioner] received a completed "Franklin mitigation" from the Public Defender's Office." (*See* Pet. at 8).

2

youth offender parole hearing during the person's 15th year of incarceration." The Parole Board is required to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner." P.C. § 4801(c). In *People v. Franklin*, 63 Cal. 4th 261 (2016), the California Supreme Court ruled that because P.C. § 3051 "provides juvenile offenders with an opportunity for parole at least by their 25th year of incarceration, [it] renders moot an assertion that 'an otherwise lengthy mandatory sentence' was imposed in violation of *Miller*." *Cornejo v. Lizzaraga*, No. 2:18 CV 0571, 2021 WL 616885, at *20 (E.D. Cal. Feb. 17, 2021) (citing *Franklin*, 63 Cal. 4th at 278–82), *report and recommendation adopted,* No. 2:18 CV 0571, 2021 WL 4478727 (E.D. Cal. Sept. 30, 2021). *Franklin* reiterated that juvenile offenders must have an adequate opportunity to make a record of factors, including youth-related factors, and must have a "meaningful opportunity to obtain release" at a parole hearing which must give "great weight to youth-related mitigating factors." 63 Cal. 4th at 283.

Because Petitioner was sentenced to a determinate 16-year term, his sentence does not run afoul of the Supreme Court's *Miller* decision and thus, no federal constitutional right is implicated. And, even if *Miller* applied, Petitioner does not explain why he waited until December 2020 to file his first habeas petition—over eight years after the *Miller* decision was issued. Petitioner argues that he did not discover the factual predicate of his claims until the *Franklin* mitigation report was issued on his behalf in early 2021. (Obj. at 2, 4–6). But presumably Petitioner has been long aware of his own youth-related factors that could mitigate the length of his sentence. And, the *Franklin* decision was decided more than four years prior to Petitioner filing his first habeas petition.

Petitioner acknowledges that the *Franklin* mitigation procedures are required by California law, not the federal constitution. (Obj. at 4–5). Thus, to the extent Petitioner is attacking the application of California's sentencing laws, his claim is not cognizable in

federal habeas. *Crawford v. Small*, 116 F. App'x 875, 876 (9th Cir. 2004); *see* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). In any event, for someone like Petitioner who was sentenced prior to the *Miller*, *Caballero*, and *Franklin* line of cases, the *Franklin* mitigation factors are reviewed at a parole hearing, not by way of a habeas petition. Consistent with P.C. § 3051's requirement that Petitioner be given a youth offender parole hearing during his 15th year of incarceration, Petitioner was eligible for a parole suitability hearing in June 2020. *See* CDCR Public Inmate Locator System, available at https://inmatelocator.cdcr.ca.gov/ (CDCR Inmate No. G01258) ("[Petitioner] is eligible for a parole suitability hearing as a youth offender because he or she committed his or her controlling offense while under the age of 26.") (last viewed May 31, 2022). However, Petitioner voluntarily waived his right to the June 2020 hearing, and the next hearing is tentatively set for July 28, 2022, at which time the Parole Board is required to give great weight to factors specific to youth offenders, which are presumably delineated in the *Franklin* mitigation report prepared on Petitioner's behalf. *See id.* In sum, the *Franklin* mitigation report neither renders the Petition timely nor provides any reason for federal habeas relief.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 2, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE